IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PATRICK GREGORY ORTIZ (TDCJ No. 1926259), Petitioner, V. WILLIAM STEPHENS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, Respondent. | § § § § § § § § § § § § § | No. 3:15-cv-95-L-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Patrick Gregory Ortiz has filed a 28 U.S.C. § 2254 application for writ of habeas corpus. *See* Dkt. No. 3. For the reasons stated below, the application should be dismissed without prejudice to Petitioner's right to pursue his state court remedies pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

**Background**

The Section 2254 petition now before the Court challenges Petitioner's conviction in Dallas County for evading arrest in a motor vehicle. *See* Dkt. 3 at 2, 5. Although Petitioner states that he was convicted on February 14, 2013, *see id.*, records from the Texas Department of Criminal Justice ("TDCJ") available online reflect that the offense date was on or around February 13, 2013 and that Petitioner was not convicted until February 19, 2014. But the habeas application and information from the TDCJ both reflect that Petitioner is serving a three-year sentence for this conviction. *See* Dkt.

No. 3 at 2.

In addition, while the claims that Petitioner makes may appear facially frivolous and incredible, his habeas application does plainly reveal that he has failed to challenge this conviction in state court prior to filing here. *See id.* at 3 (reflecting that Petitioner has neither appealed the judgment of conviction nor filed any state applications for a writ of habeas corpus); *id.* at 8 (asked whether any grounds listed in this petition are presented for the first time, Petitioner answered yes, and, in response to "what grounds are presented for the first time and give you reasons for not presenting them to any other court, either state or federal," Petitioner answered, "This would be the only court presented.").

## Legal Standards and Analysis

A petitioner must fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A). This entails submitting the factual and legal basis of any claim to the highest available state court for review in a procedurally correct manner. *See Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989). In Texas, a prisoner must present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for state post-conviction relief. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *See Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990).

Under Rule 4 of the Rules Governing Section 2254 Cases, a district court may summarily dismiss a 28 U.S.C. § 2254 habeas application "if it plainly appears from

the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id.*

> This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

*Kiser v. Johnson,* 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4 Advisory Committee Notes); *see Rodriguez v. Dretke,* No. Civ.A.5:04-cv-28-C, 2004 WL 1119704 (N.D. Tex. May 17, 2004) (applying Rule 4 prior to the filing of an answer where this "Court [was] of the opinion that [the petitioner] has failed to exhaust his state court remedies" (citing *Kiser*)); *see also Magouirk v. Phillips,* 144 F.3d 348, 357 (5th Cir. 1998) ("Failure to exhaust is not a jurisdictional defect. Failure to exhaust is an affirmative defense that may be waived by the state's failure to rely upon the doctrine. And yet there is no doubt that a federal court may raise sua sponte a petitioner's failure to exhaust state law remedies and apply that doctrine to bar federal litigation of petitioner's claims until exhaustion is complete. (citations omitted)); *Rohda v. Gordy,* No. CA 14–0169–WS–C, 2014 WL 2616627, at *1 (S.D. Ala. June 12, 2014) (applying Rule 4 and citing *Kiser* before further noting that, "[a]lthough exhaustion of available state remedies is a non-jurisdictional defense in the sense that it may be forfeited or waived by the State, federal courts are authorized to raise the exhaustion issue *sua sponte* unless the State has expressly and knowingly waived it" (collecting cases)).

Because the habeas petition plainly reveals that Petitioner has not presented his claims to the highest available state court, he has failed to exhaust state remedies. Accordingly, his Section 2254 petition should be dismissed, pursuant to Rule 4, without prejudice.

## Recommendation

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court should dismiss Petitioner's 28 U.S.C. § 2254 petition without prejudice for failure to exhaust state remedies.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 9, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE