IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PATRICK GREGORY ORTIZ | § | |
| (TDCJ No. 1926259), | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:15-cv-95-L |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Because it was apparent from the 28 U.S.C. § 2254 application Petitioner Patrick Gregory Ortiz filed in this Court that he had not presented the factual and legal basis of any claim asserted therein to the highest available state court for review in a procedurally correct manner, the Court dismissed this action without prejudice on April 30, 2015. *See* Dkt. Nos. 9, 10, & 11.

Now, almost six months latter, Petitioner has filed a motion for appointment of counsel [Dkt. No. 12], which United States District Judge Sam A. Lindsay has referred to the undersigned United States magistrate judge for hearing, if necessary, and for the undersigned to submit to the Court proposed findings and recommendations for disposition of the motion, *see* Dkt. No. 13.

For the reasons explained below, the Court should deny the motion for appointment of counsel.

## Legal Standards and Analysis

"No constitutional right to counsel exists in federal postconviction proceedings." *Urias v. Thaler*, 455 F. App'x 522, 523 (5th Cir. 2011) (per curiam) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)); *see also United States v. Garcia*, 689 F.3d 362, 364-65 (5th Cir. 2012). But, "under § 3006A(a)(2)(B), a [habeas] petitioner should be appointed counsel when 'the interests of justice so require.'" *Urias*, 455 F. App'x at 523 (quoting 18 U.S.C. § 3006A(a)(2)(B)).

> The exercise of discretion in this area is guided ... by certain basic principles. When applying this standard and exercising its discretion in this field, the court should determine both whether the petition presents significant legal issues, and if the appointment of counsel will benefit the petitioner and the court in addressing this claim.

*Jackson v. Coleman*, No. 3:11-cv-1837, 2012 WL 4504485, at *4 (M.D. Pa. Oct. 2, 2012) (citing *Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991)); *see Scoggins v. MacEachern*, Civ. A. No. 04-10814-PBS, 2010 WL 3169416, at *1 (D. Mass. Aug. 10, 2010) ("In order to obtain appointed counsel, 'an indigent litigant must demonstrate exceptional circumstances in his or her case to justify the appointment of counsel.' The rare cases warranting appointment of counsel in the interests of justice typically involve nonfrivolous claims with factually and/or legally complex issues and a petitioner who is severely hampered in his ability to investigate the facts." (quoting *Cookish v. Cunningham*, 787 F.2d 1, 2 (1st Cir. 1986) (other citations omitted)); *see also Lyle v. United States*, Civ. A. No. JFM–09–727 & Crim. No. JFM–02–395, 2009 WL 901523, at *1 (D. Md. Mar. 31, 2009) (the decision to appoint counsel under "§ 3006A(a)(2)(B) ... is similar to the standard applied in deciding whether to appoint

counsel under 28 U.S.C. § 1915(e)(1), wherein the determination to appoint counsel hinges on the characteristics of the claim and the litigant" (citing *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984))).

Under Section 3006A(a)(2)(B), the interests of justice do not require that the Court appoint counsel for Petitioner. The federal habeas action was dismissed without prejudice to allow Petitioner an opportunity to fully exhaust his state remedies. Regardless of Petitioner's stated reason for requesting that the Court appoint him counsel now – because he is "good for it" and has "the money" [Dkt. No. 12 at 1] – "[t]he 'interests of justice' ... are not served by appointment of counsel in a closed case." *Giraldes v. Ramirez-Palmer*, No. C 98-2757 (pr), 2014 WL 1365698, at *11 (N.D. Cal. Apr. 7, 2014).

## Recommendation

The Court should deny the motion for appointment of counsel.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

 DATED: October 29, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE